ZENO IRON COMPANY v. JOHN G. JACOBSON and Others.[1]

August 7, 1908.

Nos. 15,666—(191).

**Land Contract—Construction.**

A contract for the purchase of real estate, which provides that "the said party of the second part covenants and agrees to pay said first parties $50 an acre for their undivided one-half interest in said lands," requires the payment of $50 for the undivided one-half interest in each acre.

Action in the district court for Aitkin county for the specific performance of a contract to convey land. From an order, McClenahan, J., sustaining a demurrer to the complaint, plaintiff appealed. Affirmed.

*Francis H. De Groat,* for appellant.

*F. W. Hall,* for respondents.

ELLIOTT, J.

This is an appeal from an order sustaining a demurrer to the complaint. The action was brought to obtain a decree requiring the defendant to specifically perform a contract for the conveyance of real estate, and the sole question is whether plaintiff tendered the amount of consideration called for by the contract. The contract provided: "That the said parties of the first part, in consideration of the sum of $50 to them in hand paid, the receipt whereof is hereby acknowl-

[1] Reported in 117 N. W. 614.

edged, do hereby give and grant to said second party, his heirs, executors, and assigns, the right, privilege, and option to purchase within one year from date hereof of said second parties their undivided one-half interest in the following described lands, and upon the terms and conditions as hereinafter set forth: The said lands being in Aitkin county, Minnesota, and described as the southeast quarter of the southwest quarter (S. E.¼ of S. W.¼) of section thirty-five (35), township forty-eight (48), range twenty-six (26). The said party of the second part covenants and agrees to pay said first parties $50 an acre for their undivided one-half interest in said lands."

The complaint alleges the tender of $1,000, and the defendant claims that the contract calls for the payment of $2,000. It must be confessed that the language is rather puzzling, but we think that the trial court properly held that the tender was insufficient. The agreement is "to pay said first parties $50 an acre for their undivided one-half interest in said lands." The contract is to sell an interest in certain described land. The first parties proposed to sell this undivided one-half interest in the total number of acres at $50 per acre. The interest was in each of the forty acres and for that interest in each acre the second party offered to pay $50. The purchase price for the undivided one-half interest in the forty acres was therefore $2,000; and, as the complaint alleges a tender of but $1,000, the demurrer was properly sustained.

Order affirmed.